IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRUCE W. KOENIG, #288937  *
        Plaintiff,
   v.                            * CIVIL ACTION NO. JFM-12-1087

STATE OF MARYLAND, *et al*.  *
        Defendants.
                              *****

MEMORANDUM

<u>Procedural History</u>

This complaint for injunctive relief and damages, alleging the failure to accommodate plaintiff's hearing and mobility disabilities, was received for filing on April 5, 2012, Plaintiff claims that he was not provided special accommodations for his disabilities affecting his day-to-day prison activities[1] and at his Inmate Grievance Office ("IGO") hearings before Administrative Law Judges ("ALJs"). He alleges violations under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*, and the Rehabilitation Act of 1973 ("RHA"). ECF No. 1.

Defendants have filed a motion to dismiss or, in the alternative, motion for summary judgment.[2] ECF No. 24. Although afforded several extensions of time, plaintiff has not filed a

---

[1] Plaintiff complains that he has been discriminated against due to his disability (deafness) in daily activities involving prison visitation, telephone usage, use of electronic appliances and the prison public address system, communicating with other inmates, and assisting other inmates and presenting his case at IGO hearings. ECF No. 1. He further complains that for a period of time he was denied a kitchen job because of his use of a cane. *Id*.

[2] All defendants have been served with the exception of the "Office of Administrative Hearings." In light of the decision of the court, the complaint against that defendant shall be dismissed.

response.[3] The case is ready for consideration and the motion may be determined without oral hearing. *See* Local Rule 105.6. (D. Md. 2011).

Standard of Review

Because matters outside the pleadings will be considered, defendants' motion shall be treated as a motion for summary judgment. Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

The "party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to ... the nonmovant, and draw all reasonable inferences in [his] favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent

---

[3] Defendant's motion for summary judgment was filed on December 4, 2012. Plaintiff was granted five separate extensions and was to file an opposition by July 15, 2013. On August 2, 2013, the court received yet another motion for extension of time, dated by plaintiff on July 31, 2013. ECF No. 37. The motion shall be denied. Plaintiff has been provided over seven months to file an opposition and no further extensions shall be granted.

factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

In *Anderson,* 477 U.S. at 249, the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp.*, 477 U.S. at 322–23. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Analysis

According to the unopposed record, plaintiff is serving two sentences without the possibility of parole and is currently housed at the North Branch Correctional Institution ("NBCI"). They state that his sentence renders him ineligible for diminution credits. Correctional Case Management Specialist ("CCMS") John White, Officer-in-Charge Sergeant Jeffrey Brewer, Physician's Assistant Jonas Merrill, and Nurses Dawn Hawk and Jodie Maiers

affirm that: (1) plaintiff was reclassified from the dietary department after he failed a physical; (2) plaintiff responds to questions without difficulty and does not indicate any problem when hearing CCMS White talk in a normal tone; (3) plaintiff has no difficulty hearing Sergeant Brewer talk to him in a normal tone or in hearing, conversing with other prison staff, or talking to other inmates; and (4) plaintiff hears and responds "appropriately" to medical personnel and has a mild hearing loss. ECF No. 24, White, Brewer, Merrill, Hawk, Maiers Decls. Defendants acknowledge, however, that plaintiff underwent an audiology exam in August of 2012, and tested as having no hearing in both ears. ECF No. 24, Ex. F. They maintain that the only "sensible" explanation for this result, in light of the testimony of so many people who have come into contact with plaintiff, is that he "faked" his responses to the testing.

Defendants allege that of the ninety-eight administrative remedy procedure ("ARP") requests filed by plaintiff from May 30, 2008 to September 27, 2012, only two concerned his hearing disability claim. The first was withdrawn in 2008 and the second was filed after the submission of this case. *Id.*, Ex. G. They further assert that plaintiff has written the Warden four times about his hearing deficiency and the Warden has responded in each instance. *Id*. The Executive Director of the IGO states that plaintiff filed a total of 41 grievances with the IGO, 5 of which concern his hearing deficiency. *Id*., Ex. K. It does not appear that any of those 5 grievances were exhausted. *Id*.

Finally, defendant Ellsworth, who was the Correctional Dietary Supervisor at NBCI, affirms that plaintiff worked in dietary department and had no difficulty hearing him. *Id*., Ellsworth Decl. Ellsworth recommended that plaintiff be reassigned because plaintiff told him he required constant use of the cane, which presented a safety and security issue. *Id*. This recommendation was, however, overruled and plaintiff worked in the dietary department,

4

assigned to a less strenuous job working in the correctional officer meal area. *Id*. Plaintiff was eventually reclassified to a different job, through no action of defendant Ellsworth, because of his inability to pass a physical. *Id*.

Defendants claim that the complaint is subject to dismissal for the failure to exhaust administrative remedies. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 126 S.Ct. 2378, 2385-86 (2006). Exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s). *See Jones v. Bock*, 127 S.Ct. 910, 919-22 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

Defendants assert that while plaintiff has filed numerous grievances, he filed only two ARPs regarding his hearing deficiencies and did not fully exhaust those claims through the ARP process. They further allege that five grievances were filed with the IGO concerning his hearing problem and none was exhausted. Defendants seek dismissal of the complaint on this ground. The court concurs with this argument. Summary judgment shall be granted. A separate order

5

effecting the rulings made in this opinion is entered herewith.[4]

Date: August 6, 2013          /s/
                              J. Frederick Motz
                              United States District Judge

---

[4] Defendants' arguments, which are premised on the uncontroverted briefing provided to this court, allege that plaintiff does not have a significant disability that substantially limits a major life activity and he is not a disabled person under the ADA or RA.

Title II of the ADA, 42 U.S.C. § 12131, *et seq.*, prohibits qualified individuals with disabilities from being excluded from participation in or being denied the benefits of the services, programs or activities of a public entity. Title II of the ADA applies to inmates in state prisons. *See Pennsylvania Dep't of Corrections v. Yeskey,* 524 U.S. 206, 213 (1998). Cases interpreting the language of the ADA and that of the RHA have concluded that the applicable legal tests created by these statutes are interchangeable for analytical purposes. *See Calloway v. Boro of Glassboro Dep't of Pol.,* 89 F.Supp.2d 543, 551 (D. N.J. 2000). To state a claim for violation of either the RHA or the ADA, the plaintiff must show that (s)he (1) has a disability, (2) is otherwise qualified to participate in a program, and (3) was denied the benefits of the program or discriminated against because of the disability. *See Millington v. Temple Univ. Sch. Of Dentistry*, 261 Fed. App. 363, 365 (3rd Cir. 2008). A physical condition may qualify as a "disability" within the meaning of the ADA and RHA because it "substantially limits one or more ... major life activities." 42 U.S.C. § 12102; 29 U.S.C. § 705(20)(B); *see also Heiko v. Columbo Savings Bank, F.S.B.*, 434 F.3d 249, 254 (4th Cir. 2006).

While the court finds defendants' claim that plaintiff must have "faked" the results of his audiology exam to be specious at best, there is no dispute that he is able to complete major life activities. He has failed to show he qualifies with a disability under the ADA or RHA.